WILLIAM NORTON, PROSECUTOR, v. CHARLES J. MONKS
ET AL., DEFENDANTS.

Submitted May 7, 1940—Decided July 26, 1940.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *Martin Klughaupt*.

For the defendants, *Thomas E. Duffy* and *Elmer Fried-bauer*.

PER CURIAM.

This writ brings to this court for review the action of the Director of Public Safety of the City of Passaic in dismissing prosecutor from his position as Chief Janitor in the employ of the city.

It is conceded that prosecutor is without tenure and that his dismissal is legal unless he was a member of the police department of the City of Passaic.

It appears that the city erected a building which was commonly referred to as "Police Building," "Police Station Building" or "Police Headquarters." The building, however, was not used exclusively by the police department, but was used by other municipal agencies. Jurisdiction of the building was placed in the Department of Parks and prosecutor was first appointed janitor by the Director of Parks in 1925. On June 21st, 1927, the Board of Commissioners adopted a resolution assigning certain buildings and agencies to the Department of Public Safety, as follows: "Police Department,

officers and all employes therein, Police Headquarters, Police Stations, and all property and apparatus used in said Police Department; the Fire Department and all officers and employes therein, and all fire houses and property and apparatus used in said department, The Fire and Police Alarm system, and all apparatus used thereto, and the employes therein, Police Justice, Clerk of the Police Court, Interpreters, Supervisor of Buildings, Building Inspector, and Assistants, Janitors of the Police Headquarters, Janitors of the Fire Houses," &c.

It will be observed that in the distribution of duties janitors of police headquarters were listed separately and were not included in the "Police Department, officers and all employes therein."

In August, 1927, Director of Public Safety Turner appointed prosecutor as janitor of the police station building. On May 14th, 1929, Director Turner, in writing, appointed prosecutor as "Chief Janitor in the Police Station Building" for a term of two years and the Board of Commissioners by resolution ratified the appointment and fixed the salary. The prosecutor took and filed an oath to faithfully perform "all duties of the office of Chief Janitor in the Police Station Building." On June 30th, 1930, an ordinance was adopted "to establish, maintain, regulate and control a Police Department" for the municipality. It designated certain officers and employes as members of the Police Department, but did not include janitors. Nor do we find any action, at any time, that would warrant the conclusion that janitors of the building were included in the Police Department. They were paid, so far as appears, on separate payrolls, designated as "Pay Roll—Miscellaneous. Department Public Safety" or "Pay Roll—Public Safety—Janitors Department." The evidence is persuasive that at no time was there created, as part of the Police Department, the position of Chief Janitor or Janitor of the Police Department. The prosecutor never took an oath as a member of that department; he never contributed to the pension fund; he never took a physical examination as required by the rules of the department; the rules prohibited the appointment of anyone over thirty-five years of

age, and prosecutor was forty-five years of age when appointed as Chief Janitor. The ordinance providing these and other requirements was adopted in 1926.

It further appears that during part of his employment prosecutor worked part time and was paid on the basis of $4.50 a day for such days as he worked. It further appears that he was not under the direction of the Police Department, but under the control and direction of the Director of Public Safety.

Upon the facts presented, we conclude that prosecutor never became a member of the Police Department of the City of Passaic. This result renders it unnecessary to discuss other questions raised.

The writ is dismissed, with costs.